### JUSTIN JONES *vs.* HENRY H. HUGGEFORD.

A mortgage of a stock in trade is not fraudulent *per se*, although it is therein agreed tha' the mortgagor may trade with, sell, and dispose of some of the mortgaged goods provided he forthwith purchase, and place in his store, other like goods of like value, and apply the sales thereof to the payment of the debt which the mortgage was made to secure.

Where a mortgage of goods was made to secure payment of money lent, and for which no other security was given, and the mortgagee, by writing on the mortgage, assigned all his interest in the instrument, and every thing therein contained, and authorized the assignee to take all legal measures for the recovery to his own use and enjoyment of all the assigned premises ; it was held that the debt for money lent was thereby assigned. *Held also,* that there was no implied warranty, by the mortgagee, of his title to the mortgaged goods, and that he was a competent witness for the assignee in a suit wherein the validity of the mortgage and of the assignment was brought into question.

TROVER for goods claimed by the plaintiff under an assignment of a mortgage thereof made by Joseph S. Lane to Calvin Stevens, on the 27th of April 1840, and which were attached by the defendant, a deputy sheriff, on a suit brought against Lane by another of his creditors.

At the trial in the court of common pleas, before *Williams,* C. J. the plaintiff offered Stevens, the original mortgagee, as a witness to prove the execution of the mortgage, who, on being objected to by the defendant as incompetent by reason of interest, was put upon the *voire dire.* He thereupon stated that he made an assignment of his interest in the mortgage to the plaintiff, for a valuable consideration, in good faith, and took therefor the plaintiff's negotiable note for $250, which had not become due.

The execution of the assignment was then proved by the sub

scribing witness thereto. It was written on the back of the mortgage, in these words : " Know all men that I, the within named Calvin Stevens, in consideration of $ 5 to me paid by Justin Jones, have assigned to the said Justin and his assigns all my interest in the within written instrument, and every clause, article or thing, therein contained ; and I do hereby constitute the said Justin Jones my attorney, in my name, but to his own use, to take all legal measures which may be proper for the complete recovery and enjoyment of the assigned premises, with power of substitution. May 5th 1840."

The judge ruled that Stevens was a competent witness for the plaintiff, and admitted him to testify.

The goods mortgaged were part of Lane's stock in trade. The mortgage purported to be made to secure payment to Stevens of $ 250 lent by him to Lane, (no note or other evidence of the loan being mentioned,) and contained the following clause: " And whereas it may be necessary and convenient for the said Lane to trade with, sell, and dispose of, some of the aforenamed goods and chattels, the said Stevens thereunto hereby consents, provided the said Lane forthwith purchase like goods, of like value, which shall be placed and put in said Lane's store, there to be kept, and the sales thereof to be faithfully applied to the payment of the aforesaid sum of $ 250 to the said Stevens, his heirs or legal representatives."

The articles which were mentioned in the plaintiff's writ, and alleged to have been converted by the defendant, were all included in the mortgage.

The defendant requested the judge to instruct the jury, " that said instrument of conveyance from Lane to Stevens was in law fraudulent and invalid, and void as against *bonâ fide* attaching creditors." But the judge, " for the purposes of the trial, instructed the jury, that the said instrument was good, and valid in law."

The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the said instruction, and to the ruling of the judge as to the competency of Stevens as a witness.

*Homer*, for the defendant.

*Whiting*, for the plaintiff.

DEWEY, J. The plaintiff derives his title to the property in controversy under a mortgage from Joseph S. Lane to Calvin Stevens, and an assignment from Stevens to him. The first question arising in the case is, as to the validity of this mortgage. The defendant contends, that upon the face of the conveyance, it is invalid and fraudulent in law. It is alleged to be thus invalid and fraudulent, by reason of the provision therein contained, authorizing the mortgagor to trade with, sell and dispose of the mortgaged property, provided he forthwith purchase like goods, of like value, which shall be placed in Lane's store to be kept, and the sales thereof to be applied to the payment of the debt for the security of which the mortgage was given.

It is quite obvious to any one familiar with the course of our judicial decisions, that this court have been disposed to deal with cases like the present, and other cases presenting similar grounds of defence, as questions of fraud in fact rather than fraud in law.

Cases may present themselves where the form of the conveyance and the stipulations of the contracting parties are of such obviously illegal character and purpose, that it may be the duty of the court to pronounce them fraudulent in law, and wholly ineffectual ; but in general, whenever the terms and stipulations of a contract are by possibility compatible with good faith, and have upon the face of them the essential elements of a legal contract, the question of fraudulent intent and want of good faith in a contract for the sale of property is to be submitted to the jury. In all such cases, the party, who alleges the transfer to be fraudulent and merely colorable, may submit to the jury all the supposed badges of fraud, arising from the form of the conveyance and the stipulations in favor of the vendor, which tend to raise a presumption of fraud. But they will be open to explanation, and may be shown to be consistent with honesty of purpose, and good faith in the parties to the contract.

On looking at the present conveyance, although it is found to be somewhat unusual in its provisions, and to contain stipulations that might be very convenient to enable the vendor to exercise all the rights of ownership in the articles conveyed, we

der color of apparent legal title in another, and thus presenting strong badges of fraud ; yet it might also well be, that parties might enter into such a contract with no other than the honest purpose of securing a creditor. Suppose the stock in trade, proposed to be mortgaged, much to exceed in value the amount of the debt for which security was required : The party taking such security might be willing to consent to the disposition of a part of the goods mortgaged, being satisfied that the goods remaining would probably furnish an adequate security for his debt.

If therefore the question in the present case were a new one, it seems to us that the objections taken to this mortgage should rather be urged as badges of fraud, than as fraud *per se ;* that the circumstances would be proper to be submitted to the jury, but not to be treated as conclusive evidence of fraud. But the question here raised seems to have been substantially decided in *Briggs* v. *Parkman,* 2 Met. 258. The objection was there taken, that the mortgage was fraudulent in law, it appearing that there was an oral agreement of the parties, made when the mortgage was executed, that the mortgagor might sell and dispose of any of the mortgaged property for his own use, he stipulating that if he made sales to a large amount, he would add to the mortgagee's security, by other property. But it was held, that such a contract was not fraudulent *per se,* that it might have been honestly made, and might well be supported as valid in law, unless, upon the whole circumstances of the case, the jury should find that the transaction was not *bonâ fide.* That case was liable to all the objections taken in this, and was also liable to the further objection, that the agreement that the mortgagee might dispose of the property mortgaged was a secret one, and was therefore more objectionable than if recited on the face of the instrument. But it was held that this was not sufficient to defeat the mortgage. And the same rule, it seems to us, must be applied in the present case.

A further exception was also taken by the defendant as to the admission of Calvin Stevens as a witness. He is objected to as interested, and his interest is supposed to arise from his having

been the original mortgagee, and having assigned the mortgage to the plaintiff. From the facts stated in the bill of exceptions, it appears that Stevens received, as the consideration of the transfer to the plaintiff, a note of hand for the sum of $250 ; and it is contended, that if the plaintiff fails to maintain this action, the judgment in this case will show that there was no consideration for the note, and thus Stevens may be defeated of his right to recover the same of the maker.

Upon inspecting the assignment, it will be seen that the transfer of the mortgaged property was not the only consideration for the note given to Stevens. There was also assigned, with the mortgage, the debt of Lane to Stevens ; and this might alone constitute a good consideration — certainly an adequate one — for the note which was given to Stevens.

It is, however, further suggested, that there was, by the transfer of the mortgage, an implied warranty by Stevens of title in the property described in the mortgage. Without entering into the consideration of the question as to the extent of the implied warranty of title, in ordinary cases of sale of personal property, and whether it be restricted to cases of property in the possession of the vendor at the time of the sale ; the court are of opinion that the written contract of Stevens, by which he assigned the mortgage to the plaintiff, clearly excludes, by its terms, any such implied warranty. It is a mere transfer to the plaintiff of his interest in the mortgage, whatever that interest may be. The language of the assignment is, " I have assigned to the said Justin all my interest in the within written instrument, and every clause, article, or thing therein contained." Such a contract contains no express warranty, and excludes an implied one, and thus leaves the assignor, Stevens, without any legal interest that can be affected by the result of the present case.

Without considering particularly the other grounds also relied on by the plaintiff, in answer to the objection taken to the competency of Stevens, we think that, for the reasons already assigned, he was a competent witness.

*Exceptions overruled.*