Tucker, Richard T., J.
After a jury verdict which found the defendant to be negligent in the operation of a motor vehicle and which awarded the plaintiff $3,200 as damages for her injuries, plaintiff filed a Motion for Judgment notwithstanding the Verdict or in the Alternative, Motion for a New Trial. Plaintiff challenges the amount of the verdict as being against the great weight of the evidence and argues that the verdict and award was not based on a careful and accurate assessment of the evidence presented, but instead, was based upon factors “outside of the testimony and evidence submitted at trial.”
After a hearing at which both sides submitted memoranda and oral argument, I find and rule as follows.
DISCUSSION
In ruling on a Motion for Judgment Notwithstanding the Verdict (JNOV) the judge should “evaluate whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be made in favor of the nonmovant.” McCarthy v. City of Waltham, 76 Mass.App.Ct. 554, 560 (2010), quoting O’Brien v. Pearson, 449 Mass. 377, 383 (2007). The grant or denial of the motion for a new trial rests in the discretion of the trial judge, Robertson v. Gaston Snow & Ely Bartlett, 44 Mass. 515, 520 (1989), but this discretion should be exercised only when the verdict “is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.” Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992).
Plaintiffs main thrust in support of this motion is that the jury, after finding the defendant negligent, failed to award damages which were basically “conceded” by the defendant. Plaintiff also alleges that the jury clearly based its award of damages on matters outside of the evidence produced at trial. Although plaintiff submitted into evidence, without opposition, medical bills and charges totaling in excess of what the jury ultimately awarded, the defendant never conceded that these were fair and reasonable charges for the services rendered. Defendant merely did not oppose the admission of medical bills and charges into evidence. As instructed by the court, the jury was free to accept or reject in whole or in part the medical bills and charges submitted. The jury was free to determine itself as to what the fair and reasonable charges for the services rendered should have been. Despite the fact that a medical report of Dr. Nabil Basta was submitted into evidence by the defendant which indicated that a twelve-week disability period for the plaintiff was reasonable, the jury was free to accept this evidence in whole, or in part, or reject it.
The plaintiffs next argument is a little more involved. During deliberations the jury asked a question of the court as to what the out-of-pocket medical expenses of the plaintiff totaled. After discussion with counsel and without objection from either counsel, the court instructed the jury to disregard any issue of payment of the medical charges and consider and determine the reasonable medical expenses incurred. The jury then returned a verdict for the plaintiff in the amount of $3,200. Plaintiff alleges, that since over $10,400 dollars in medical bills and charges were offered into evidence and evidence existed upon which the jury could find that a diminution of earning capacity existed of at least $6,400, the jury must have disregarded the court’s instruction and considered matters other than the evidence presented at trial. In short, the plaintiff argues that the jury must have speculated on insurance payments in reaching a verdict that was substantially less than the special damages admitted into evidence. In this regard the plaintiff again argues that the defendants’ expert, Dr. Nabil Basta, conceded that the plaintiff suffered from caus *250 ally related injuries for at least twelve weeks following the accident. Therefore, plaintiffs medical treatment during that period of time must have been reasonable, necessary and causally related to the accident in question.
The jury was instructed and, the law so holds, that it must make the determination whether, upon the evidence submitted, medical treatment was necessary and the charges reasonable. In this regard the jury is free to accept or reject testimonial or documentary evidence. Here, after finding that the defendant was in fact negligent, the jury may have simply not believed that the plaintiff had proven that her injuries and damages were such as to justify damages over and above $3,200.
It is not the court’s province to “decide the case as if sitting without a jury; rather, the judge should only set aside the verdict if satisfied that the jury ‘failed to exercise an honest and reasonable judgment in accordance with its controlling principals of law.’ ” Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 127 (1992). Here the court cannot say that the jury failed in their obligation to exercise reasonable judgment in accordance with the law as instructed. Accordingly the plaintiffs motions are DENIED.